1
2
3
4
5
6
7
8                  UNITED STATES DISTRICT COURT
9               SOUTHERN DISTRICT OF CALIFORNIA
10
11  MARIAN ANTHONY,                    Case No.:  3:25-cv-01551-JLS-AHG
12                        Plaintiff,   **ORDER DENYING PLAINTIFF'S**
                                       **MOTION TO COMPEL**
13  v.
14  MICHAEL HUBBARD,                   **[ECF No. 11]**
15                        Defendant.
16
17
18
19        Plaintiff filed his complaint on June 17, 2025. ECF No. 1. On July 11, 2025,
20  Defendant filed a motion to dismiss. ECF No. 4. The motion is not yet fully briefed and is
21  currently pending before the district judge. *See* ECF Nos. 5, 6; *see also* ECF No. 4 at 1
22  (hearing set for August 28, 2025). On July 17, 2025, Plaintiff filed a petition for writ of
23  mandamus to compel disclosure of judicial administrative records. ECF No. 9. The Court
24  thereafter issued a minute order, declining to schedule a Case Management Conference
25  ("CMC") or Early Neutral Evaluation Conference ("ENE") in the case at that time since
26  no answer had been filed, and informing Plaintiff that "it will schedule a CMC and ENE
27  once the pending motion to dismiss has been resolved. During the CMC, the Court will set
28  deadlines for discovery in this case." ECF No. 10.

On August 13, 2025, Plaintiff filed the instant motion to compel discovery. ECF No. 11; *see also* ECF No. 12. Here, Plaintiff requests a court order compelling Defendant to produce a copy of the internal circulation log and metadata regarding the timestamp at issue, as evidence of the judicial review process. ECF No. 11 at 1–2. Since Defendant has not answered the complaint, no ENE has been scheduled and no Rule 26(f) conference has occurred. *See* CivLR 16.1(c) (ENEs occur within 45-days of the defendant's answer and the CMC, preceded by the Rule 26(f) conference, is held within 30-days of the ENE). "A party is generally not permitted to obtain discovery without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f)." *Satmodo v. Whenever Commc'ns*, No. 17cv192-AJB-NLS, 2017 WL 4557214, at *3 (S.D. Cal. Oct. 12, 2017) (citing Fed. R. Civ. P. 26(d)(1)). However, the Court has discretion to permit early or expedited discovery upon a showing of good cause. *See Fluke Elecs. Corp. v. CorDEX Instruments*, No. C12-2082-JLR, 2013 WL 566949, at *10 (W.D. Wash. Feb. 13, 2013) ("Courts within the Ninth Circuit generally use a 'good cause' standard to determine whether to permit discovery prior to a Rule 26(f) conference"); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery"); *see cf. In re Morning Song Bird Food Litig.*, No. 12cv1592-JAH-RBB, 2013 WL 12143947, at *2 (S.D. Cal. Jan. 25, 2013) ("The burden is on Plaintiffs to show a need for pre-Rule 26(f) discovery."), *aff'd & objections overruled by*, 2013 WL 12143948 (S.D. Cal. Apr. 2, 2013). Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. "The court must perform this evaluation in light of 'the entirety of the record ... and the reasonableness of the request in light of all the surrounding circumstances.'" *Facebook v. Various, Inc.*, No. C-11-01805-SBA DMR, 2011 WL 2437433, at *2 (N.D. Cal. June 17, 2011) (quoting *Semitool*, 208 F.R.D. at 275).

//

//

Plaintiff's request for discovery was made, at a minimum, four months[1] in advance of the typical discovery process. *See Human Rights Watch v. Drug Enf't Admin.*, No. 15cv2573-PSG-JPRx, 2015 WL 13648069, at *2 (C.D. Cal. July 10, 2015) (noting that "[t]his case is in its early stages, having just been filed three months ago," which weighed against granting expedited discovery). Further, a motion to dismiss is presently pending. ECF No. 4; *see In re Morning Song Bird Food Litig.*, 2013 WL 12143947, at *3 (denying plaintiff's request for discovery before the Rule 26(f) conference, and explaining that "the operative complaint is challenged by motion practice, delaying discovery until the claims and defenses in the case are better defined reduces expenses, minimizes the burden of unnecessary discovery, and conserves judicial resources"); *see also Celebrity Chefs Tour v. Macy's*, No. 13cv2714-JLS-KSC, 2014 WL 12165415, at *2 (S.D. Cal. Aug. 29, 2014) (collecting cases that illustrate that "[t]his ruling is in keeping with numerous other courts, which have denied parties' requests to expedite discovery on the same grounds when potentially dispositive motions are pending").

The Court does not find good cause to permit early discovery in this case. As such, Plaintiff's motion to compel is **DENIED without prejudice**. ECF No. 11; *see Boylan v. Morgan*, No. 20cv1967-WQH-AHG, 2020 U.S. Dist. LEXIS 244763, at *5–*10 (S.D. Cal. Dec. 30, 2020) (denying motion for discovery prior to Rule 26(f) conference when motions to dismiss were pending and the request for discovery was filed four months in advance of typical discovery process). Once the motion to dismiss has been resolved, the Court will schedule the CMC and set the Rule 26(f) conference deadline, which will open discovery.

**IT IS SO ORDERED**.

Dated: August 14, 2025

Honorable Allison H. Goddard
United States Magistrate Judge

---

[1] *See* ECF No. 4 at 1 (hearing on the motion to dismiss is set for August 28, 2025); FED. R. CIV. P. 12(a)(4)(A) (stating that if the court denies the motion to dismiss, the defendant must answer the complaint within 14 days); CivLR 16.1(c) (setting ENEs within 45 days after the defendant answers the complaint and Case Management Conferences within 30 days of the ENE).