UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIAN ANTHONY,<br><br>                          Plaintiff,<br><br>v.<br><br>MICHAEL HUBBARD,<br><br>                        Defendant. | Case No.:  25-CV-1551 JLS (AHG)<br><br>**ORDER (1) GRANTING MOTION TO DISMISS COMPLAINT WITHOUT LEAVE TO AMEND AND (2) DENYING AS MOOT PROPOSED PETITION FOR WRIT OF MANDAMUS**<br><br>(ECF Nos. 4, 9) |

Presently before the Court are Defendant Michael Hubbard's Motion to Dismiss Complaint ("Mot.," ECF No. 4) and Request for Judicial Notice in Support of Motion to Dismiss Complaint ("RJN," ECF No. 4-2).  Also before the Court are Plaintiff Marian Anthony's Opposition to Defendant's Motion to Dismiss Complaint ("Opp'n," ECF No. 5) and Defendant's Reply in support thereof ("Reply," ECF No. 14).  The Court has also received Plaintiff's Proposed Petition for Writ of Mandamus to Compel Disclosure of Judicial Administrative Records ("Pet.," ECF No. 9).  For the reasons stated below, the Court **GRANTS WITHOUT LEAVE TO AMEND** Defendant's Motion to Dismiss (ECF No. 4) and **DENIES AS MOOT** Plaintiff's Petition for Writ of Mandamus (ECF No. 9).

/ / /

1

# BACKGROUND

Plaintiff Marian Anthony filed this lawsuit against Defendant Michael Hubbard, a Senior Deputy Clerk for the California Court of Appeal, Fourth Appellate District, Division One ("Court of Appeal"), for "behaving willfully repugnant to the professional duties and conduct of a senior deputy clerk," thus preventing Plaintiff from filing legal documents and pursuing his appeal. Compl. ¶ 1. Plaintiff alleges that from January 16, 2025, to May 30, 2025, Defendant, "acting under color of state law, engaged in a pattern of illegal[,] abusive, hostile, and obstructive conduct," "including yelling, emotional embroilment, refusing filings without valid lawful reasons, and denying motions as a judicial officer without judicial authority." *Id.* Plaintiff brings civil rights claims under 42 U.S.C. § 1983, and seeks monetary and injunctive relief, including punitive damages against Defendant. *Id.* ¶¶ 17–32. Now before the Court is Defendant's Motion to Dismiss.

# MOTION TO DISMISS

## I. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted." To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).

Though this plausibility standard "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). In other words, a complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual

enhancement.'" *Id*. (alteration in original) (quoting *Twombly*, 550 U.S. at 557). Put differently, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Review under Rule 12(b)(6) requires a context-specific analysis involving the Court's "judicial experience and common sense." *Iqbal*, 556 U.S. at 679. In performing that analysis, "a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff." *Wi-LAN Inc. v. LG Elecs., Inc.*, 382 F. Supp. 3d 1012, 1020 (S.D. Cal. 2019). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (second alternation in original). If a complaint does not survive Rule 12(b)(6), a court grants leave to amend unless it determines that no modified contention "consistent with the challenged pleading could . . . possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## II. Analysis

Defendant seeks to dismiss Plaintiff's Complaint on four grounds: (1) quasi-judicial immunity bars Plaintiff's damages claims; (2) Section 1983 foreclosures injunctive relief against judges and clerks; (3) Plaintiff lacks standing to obtain injunctive relief; and (4) the *Younger* abstention precludes Plaintiff's entire action.[1] ECF No. 4-1 ("Mem.") at 2.

### A. Quasi-Judicial Immunity

Defendant argues that Plaintiff's damages claims are barred since court clerks and staff are immunized "from damages for civil rights violations when they perform tasks that are an integral part of the judicial process" under the doctrine of quasi-judicial immunity. *Id.* at 4 (quoting *Mullis v. U.S. Bankr. Ct. for Dist. Of Nev.*, 828 F.2d 1385, 1390 (9th Cir.

---

[1] Defendant requests judicial notice of Plaintiff's cases in the Superior Court of California, County of San Diego, and the California Court of Appeal, Fourth Appellate District, Division One. *See generally* RJN. Because the Court does not rely on information from Plaintiff's Superior Court and Court of Appeal proceedings in reaching its conclusion below, the Court **DENIES AS MOOT** Defendant's Request for Judicial Notice (ECF No. 4-2).

25-CV-1551 JLS (AHG)

1987)).  Defendant argues that his alleged conduct—refusing to accept filings "without valid reasons," issuing "defective" orders "without judicial authority" and yelling at Plaintiff when he attempted to file a document—are inarguably tasks "that are an integral part of the judicial process" protected by the doctrine.  *Id.* at 5–6.  Plaintiff responds that Defendant's conduct is not immunized since quasi-judicial immunity "does not extend to administrative or ministerial tasks, such as routine filing refusals or enforcement of non-judicial directives."  Opp'n at 3 (citing *Forrester v. White*, 484 U.S. 219, 229 (1988)).  Instead, Defendant's conduct is "subject only to qualified immunity, which Defendant has not invoked or shown applies."  *Id.* at 4 (citing *Mullis*, 828 F.2d at 1390).

The Court finds that Defendant's alleged conduct is protected by quasi-judicial immunity.  "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process."  *Mullis*, 828 F.2d at 1390 (citations omitted).  The Ninth Circuit has "'extended absolute quasi-judicial immunity' to 'nonjudicial officers for *purely administrative acts*—acts which taken out of context would *appear ministerial*, but when viewed in context are actually a part of the judicial function.'"  *Fort v. Washington*, 41 F.4th 1141, 1144 (9th Cir. 2022) (quoting *In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002)).  Here, Defendant's alleged conduct is "an integral part of the judicial process."  *Mullis*, 828 F.2d at 1390 (finding that clerk's failure to give proper advice and refusal to accept filing were "all properly characterized as integral parts of the judicial process"); *see also Coulter v. Murrell*, No. 10CV102-IEG(NLS), 2011 WL 13208995, at *1 (S.D. Cal. Mar. 1, 2011), *aff'd sub nom.*, *Coulter v. Roddy*, 463 F. App'x 610 (9th Cir. 2011) ("The processing of documents submitted to the Clerk for filing is an integral part of the judicial process.") (collecting cases).  Therefore, quasi-judicial immunity bars Plaintiff's damages claims.

/ / /

/ / /

/ / /

## B. Injunctive Relief

Defendant argues that § 1983 expressly forbids injunctive relief, and that Plaintiff otherwise lacks standing to obtain injunctive relief. Mem. at 7–8. Plaintiff responds that § 1983's bar to injunctive relief "applies only to acts in a 'judicial capacity,' not administrative ones," and Defendant's "clerical refusals and unprofessional conduct were not judicial . . . ." Opp'n at 4 (quoting *Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th Cir. 2018)).

The Court finds that § 1983 bars Plaintiff's request to "enjoin[] [Defendant] from refusing Plaintiff's filings without valid reasons, engaging in hostile conduct, or interfering with Plaintiff's appeal . . . ." Compl. ¶ 32. Judicial immunity does not preclude a court from granting declaratory or injunctive relief. *Steinmeyer v. Lab'y Corp. of Am. Holdings*, 676 F. Supp. 3d 851, 866 (S.D. Cal. 2023). However, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"—"effectively 'immuniz[ing] judicial officers against suits for injunctive relief.'" *Steinmeyer*, 676 F. Supp. 3d at 866 (quoting *Roth v. King*, 449 F.3d 1272, 1286 (D.C. Cir. 2006)). Here, Plaintiff does not allege that "a declaratory decree was violated or declaratory relief was unavailable."[2] 42 U.S.C. § 1983. The Court otherwise rejects Plaintiff's argument that Defendant's conduct is not judicial in nature. *See supra* Section A. Injunctive relief is therefore unavailable to Plaintiff.

/ / /

---

[2] Plaintiff does not seek declaratory relief in his Complaint. *See generally* Compl. However, in his Opposition, he states that he "seeks declaratory relief that Defendant's actions violate the First Amendment," and thus, injunctive relief remains available under § 1983. Opp'n at 5. The Court cannot consider claims not alleged in the Complaint. *See Kim v. Wilmington Tr. Co.*, No. 17-CV-0528-WQH-AGS, 2018 WL 11649245, at *2 (S.D. Cal. Apr. 13, 2018). Regardless, Plaintiff could not seek a declaration that Defendant's conduct violated his constitutional rights, as "declaratory relief is inappropriate where the alleged constitutional injury has already occurred." *See Sterner v. San Diego Police Dep't*, No. 08CV1407-IEG-JMA, 2009 WL 160921, at *6 (S.D. Cal. Jan. 22, 2009) (citation omitted); *see also* Reply at 5–6.

25-CV-1551 JLS (AHG)

Because the Court finds that Plaintiff's damages claims and request for injunctive relief are barred by quasi-judicial immunity and § 1983, the Court need not reach Defendant's arguments as to standing and the *Younger* abstention. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss Complaint **WITHOUT LEAVE TO AMEND**. *See Schreiber Distrib. Co.*, 806 F.2d at 1401 (a court may deny leave to amend if it "determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency").

## CONCLUSION

In light of the foregoing, the Court (1) **GRANTS WITHOUT LEAVE TO AMEND** Defendant Michael Hubbard's Motion to Dismiss Complaint ("Mot.," ECF No. 4) and (2) **DENIES AS MOOT** Plaintiff's Proposed Petition for Writ of Mandamus to Compel Disclosure of Judicial Administrative Records ("Pet.," ECF No. 9).[3] As this concludes the litigation in the matter, the Clerk of Court **SHALL** close the file.

**IT IS SO ORDERED.**

Dated:  January 26, 2026

Hon. Janis L. Sammartino
United States District Judge

[3] Because the Court **DISMISSES** the Complaint (ECF No. 1), Plaintiff's request to compel production of judicial administrative records, including security camera footage, is moot. *See generally* Pet.

25-CV-1551 JLS (AHG)